CAUSE NO. 437-23

NAKIA L. DERRICK )  In the District Court of Upshur County, Texas
)
)
Plaintiff, )
)  Upshur County, Texas
vs. )
)
Union Pacific Railroad Company, Power )
Secure, Inc., etal )
)  115 NO
)  ~~315TH~~ _____ Judicial District
Defendants. )

## PLAINTIFF'S ORIGINAL COMPLAINT

COMES NOW NAKIA L DERRICK, Plaintiff, and alleges as follows:

## I. PARTIES

1.1   Plaintiff, NAKIA L. DERRICK is a resident and citizen of State of Texas, Residing at 306 Parkway Lane in Gilmer, Upshur County, Texas. He brings this negligent action on behalf of himself, PRO SE.

1.2   Defendant UNION PACIFIC RAILROAD is a Company headquartered in The State of Nebraska and can be served with process at 1400 Douglas Street, Omaha, NE 68179 and Andy Redick, Risk Management Department being the local Contact.

1.2.1   Defendant, POWER SECURE, INC., etal is headquartered at 1609 Heritage Commerce Court in Wake Forest, NC 27587 was Mr. Nakia L. Derrick's EMPLOYER. Mr. Derrick was a Professional CDL LICENSED DRIVER of an Over-the-Road 18-Wheeled Tractor Trailer Truck at the time of this untimely negligent action by a Train engineered by UNION PACIFIC RAILROAD, with POWER SECURE, INC. etal. who is described in Section of this Plaintiff's Original Complaint, is negligent in Part for their Failure

EXHIBIT 1

to ASSIST, DEFEND or to COMMUNICATE with Mr. Derrick, their Driver who had obviously done nothing wrong seeing that no Citations were issued to Mr. Derrick by the Arlington Police Department who responded to the referenced Incident Report #L19179P0348 on 06/28/2019.

## II. JURISDICTION & VENUE

2.1   The District Court has original jurisdiction of this civil action pursuant to 28 U.S.C.) 1332(a) and by the TEXAS WORKFORCE COMMISSION Division of Workers' Compensation's Office of the Chief Clerk of Proceedings of Austin Texas. The amount in controversy exceeds One-Million Dollars ($1,000,000) exclusive of interest and costs. Plaintiff NAKIA I. DERRICK is a citizen of Texas. Defendant, UNION PACIFIC RAILROAD is a Company headquartered in Nebraska and is authorized and doing business throughout the United States of America including the State of Texas.

2.2   Venue is properly before this Court under 28 USC ) 1391(a) (2), because all of the substantial parts of the events giving rise to this claim occurred in Tarrant County, Texas but it was stated to me after my Final Appeal to the Administrative Law Judge for the Tyler Branch of the Texas Division of Worker's Compensation that the proper Venue for this Case is in the District Court of Upshur County's 315TH Judicial District Court in Gilmer Texas.

## III. BACKGROUND

3.1   On or about June 28, 2019, Defendant, UNION PACIFIC RAILROAD was negligible in the operation of their train. While operating said train, the Engineer of the UNION PACIFIC RAILROAD TRAIN No. 5461's negligence and Mr. Derrick's Employer at the time, POWER SECURE, etal caused Plaintiff's personal injuries and damages as more thoroughly described herein. Therefore, Plaintiff brings suit on the following grounds.

## IV. CAUSES OF ACTION: DEFENDANT, UNION PACIFIC RAILROAD

4.1   Defendant UNION PACIFIC RAILROAD was negligent in their actions and/or omissions in operating a motor vehicle, namely a train. Specifically, Defendant (namely the

Engineer of the train) and UNION PACIFIC RAILROAD, were negligent in, but not limited to, in the following manner:

    a) Failing to blow the train's horn properly and in a timely manner before hitting the Plaintiff's vehicle, an Over-the-Road Tractor Trailer Truck

    b) passenger side of the 18-wheeler truck that the Plaintiff was operating while in the employ of Power Secure, Inc. whose address is 1609 Heritage Commerce Court wake Forest, NC 27587;

    c) Failing to take proper evasive action;

    d) Failing to apply the appropriate brakes;

    e) Failing to avoid the accident;

    f) Failing to maintain a proper lookout; and

    g) Failing to operate the vehicle in a reasonably attentive manner;

4.2     Defendant's acts and/or omissions constitute a failure to use due care as described above. Defendant's failure to use care was a proximate and producing cause of Plaintiff's injuries and damages as described more thoroughly herein. Defendant is therefore liable to Plaintiff for his personal injuries and damages sustained as a direct result of Defendant's negligence.

4.3     Defendant THE ENGINEER is legally responsibly to Plaintiff for the negligent conduct of Defendant UNION PACIFIC RAILROAD under the legal doctrine or *respondent superior* because Defendant THE ENGINEER was at all times material hereto an employee of UNION PACIFIC RAILROAD and was acting within the course and scope of such employment at all times relevant to this matter. As a result thereof, Defendant UNION PACIFIC RAILROAD is liable for all negligence of Defendant THE ENGINEER OF THE UNION PACIFIC RAILROAD NO. 5461 on June 28, 2019.

## V. CAUSE OF ACTION: UNION PACIFIC RAILROAD

5.1   Defendant UNION PACIFIC RAILROAD was negligent in it errors and/or omissions in maintaining a properly visible line of sight from a deep curve in the railroad track less than a quarter of a mile from the Crossing which was a dense grove of overgrown underbrush, trees and tree limbs including but not limited to the following:

   a) Defendant has a legal duty to keep a clear and visible line of sight to every Crossing;

   b) Defendant had actual knowledge of the problems with the above-mentioned visibility issues and subsequently failed to remove these objects from blocking the Plaintiff's view and the Engineer's. The blowing of the horn after finally establishing a sight line to the Crossing did not provide adequate time for the Plaintiff to attempt to back off the train tracks. Defendant knew, or should have known, of the foreseeable consequences of failing to adequately maintain a visible clear line of sight less than a quarter of a mile from this overgrowth would pose a potential accident.

   c) As a direct and proximate result of these known problems and failure to maintain and remove, UNION PACIFIC RAILROAD breached their legal duty of care owed to Plaintiff. Said breach of duty and negligence was the direct and proximate cause of the serious injuries and damages the Plaintiff sustained.

## VI.   GENERAL DAMAGES

6.1   As a direct and proximate result of the Defendants' negligence, Plaintiff suffered Damages allowed by law for personal injuries in an amount far in excess of $1,000,000.

6.2   As a further result of Defendants' negligence, Plaintiff NAKIA L. DERRICK has suffered serious permanent personal injuries; required two Spinal Surgeries and has been informed by his Neurosurgeon that he MUST have more Surgeries in order to CORRECT damages made to his Spine. Plaintiff NAKIA L. DERRICK suffered the following Expenses:

a) Medical expenses incurred from this Power Secure Incident Number L19179P0348 specifically by a Union Pacific Train.

b) Medical expenses which in all probability will be incurred in the future.

c) Loss of Past Earning Capacity by both named Defendants.

d) Further Loss of earning capacity which in all probability will be sustained in the future due to negligience of Power Secure, Inc., etal.

e) Physical impairment and required medical expenses.

f) Physical impairment which in all probability will be sustained in the future.

g) Physical pain, mental anguish and depression during this time.

h) Physical pain and mental anguish will in all probability be sustained in the future.

## VII.  PUNITIVE DAMAGES

7.1   Plaintiff incorporates herein by reference Paragraphs 1 through 7.3, inclusive, of this Complaint.

7.2   Defendants' acts and/or omissions are of such a character to rise to the level of gross negligence. Furthermore, Plaintiff would show that the acts and/or omissions of Defendants were carried out with a conscious disregard for an extreme danger of risk and the rights of others and with actual awareness on the part of Defendants that their acts would, in reasonable probability, result in serious personal injury or death. Defendants caused substantial personal injury to Plaintiff and engaged in acts or omissions that, when viewed objectively from the standpoint of Defendant at the time of the occurrence, involved an extreme degree of risk, considering the probability and magnitude of the potential harm to others, namely his children and mainly at the time, his under-aged Daughter. Further, Defendants,personally or through its employees and management, had actual, subjective awareness of the risk involved in their acts and omissions, but nevertheless, proceeded with conscious indifference to the rights, safety, or

welfare of others, mainly that of the Plaintiff.

7.3     Plaintiff seeks exemplary damages pursuant to Plaintiff seeks the imposition of punitive or exemplary damages from Defendants without limitation as imposed by Section 41.008 of the Texas Civil Practices and Remedies Code.

## VIII. PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests this Court issue citation to Defendants to answer, and Upon a Trial by Jury of this matter, enter Judgment against the above-named Defendants for Compensatory Damages in an amount far in excess of $1,000,000, together with pre- and post-Judgment interest, Attorneys' Fees, Costs and such other and further relief as the Court deems just and equitable.

Respectfully submitted,

*[signature]*

NAKIA L. DERRICK,

PRO SE

