## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## MARSHALL DIVISION

| | | |
|---|---|---|
| NAKIA L. DERRICK | § | |
| | § | |
| v. | § | Case No. 2:23-CV-0498-RWS-RSP |
| | § | |
| UNION PACIFIC RAILROAD COMPANY, ET AL. | § § | |

### REPORT AND RECOMMENDATION

Before the Court is Union Pacific Railroad Company's Motion to Dismiss Based on Statute of Limitations. (Dkt. No. 3.) Previously, the Court ordered Plaintiff to file a response to Union Pacific's Motion by May 15, 2024. (Dkt. No. 7.) Plaintiff has not filed a response. The motion points out that Plaintiff's complaint was filed in state court on September 19, 2023, which is confirmed in the record. See Dkt. No. 2. The accident sued upon occurred on June 28, 2019. The statute of limitations for negligence and gross negligence claims is two years. TEX. CIV. PRAC. & REM. CODE ANN. § 16.003. When the untimeliness of the action is evident on the face of the pleadings, dismissal is appropriate by means of a Rule 12 motion. *Jones v. Alcoa, Inc*., 339 F.3d 359, 366 (5th Cir. 2003). Accordingly, the Court recommends that Union Pacific's Motion be **GRANTED** and the claims against Union Pacific Railroad and Power Secure, Inc. (alleged to be the employer of the Plaintiff) be dismissed with prejudice.

The Court's previous order also ordered Plaintiff to complete his efforts to serve Defendant Power Secure, Inc. and file proper evidence of completed service of the summons and complaint upon Power Secure, Inc. pursuant to Rule 4(m) by May 15, 2024. (Dkt. No. 7.) Plaintiff has taken no action in this case since the Court's prior Order. Accordingly, as an alternative basis, this case

should be dismissed without prejudice as to Power Secure, Inc. for failure to prosecute pursuant to Rule 4(m).

A party's failure to file written objections to the findings, conclusions, and recommendations contained in this report within 14 days bars that party from *de novo* review by the district judge of those findings, conclusions, and recommendations and, except on grounds of plain error, from appellate review of unobjected-to factual findings and legal conclusions accepted and adopted by the district court. Fed. R. Civ. P. 72(b)(2); *see Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996) (*en banc*).

**SIGNED this 4th day of June, 2024.**

_____
ROY S. PAYNE
UNITED STATES MAGISTRATE JUDGE